# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Garfield Sacred Heart Housing, LLC, <br> Plaintiff <br> -vs- <br> Robin Santos, et al., <br> Defendants. | CV-24-2213-PHX-JFM <br><br> **Amended <br> Report & Recommendation <br> to Dismiss on Fees or Lack of <br> Jurisdiction**[1] |

This matter is before the undersigned magistrate judge awaiting consents pursuant to 28 U.S.C. § 636(c). Because the appropriate resolution of this matter is dispositive of claims or defenses, the undersigned proceeds by way of a Report & Recommendation to Senior District Judge McNamee, pursuant to 28 U.S.C. § 636(b)(1)(B) and General Order 21-25.

## A. NO AMENDED IFP APPLICATION OR FEES

Defendant removed this action from the El Centro Justice Court, Maricopa County, Arizona on August 27, 2024 by filing a Notice of Removal (Doc.1) and Application to Proceed In Forma Pauperis (Doc. 2). On August 30, 2024, the Court denied without prejudice Defendant's Application to Proceed In Forma Pauperis, with leave to file an amended application, on the following basis:

> Here, Plaintiff's Application shows no past or expected income (whether from employment, gifts, disability payments, public assistance, etc.). This is particularly surprising because Plaintiff asserts she has a mental disability. It also shows her only asset is a $4.00 in cash. Despite the lack of income or assets, Plaintiff reports

---

[1] Amended only as to alternative recommendation on p. 4.

- 1 -

> some $1,295 in monthly expenses. No explanation is given, and the Court is left to conclude that the Application fails to fairly represent Plaintiff's financial status.

(Order 8/30/24, Doc. 5 at 2.) Defendant was given 10 days to file an amended application or pay the filing fees.[2] That deadline expired on September 9, 2024. No amended, or renewed application to proceed in forma pauperis has been filed. Nor has Defendant paid the filing fees, or otherwise responded or taken action to prosecute this case.

"The non-payment of the filing fee is one of the defects in removal that require remand to the state court. In that circumstance, remand, rather than dismissal, is the appropriate course because, otherwise, it would penalize the plaintiff who filed the lawsuit (and who has not been found at fault in any respect) and reward the defendants." *Bank of New York Mellon in Int. to JPMorgan Chase Bank, N.A. v. Chidester*, 2024 WL 3498862, at *1 (C.D. Cal. May 7, 2024) (cleaned up).

## B.  NO SUBJECT MATTER JURISDICTION

In an Order filed August 30, 2024 (Doc. 6), the Court observed that Defendant had not provided a copy of, *inter alia,* the complaint with the Notice of Removal, and although alleging federal question jurisdiction, she made allegations only to show federal question defenses.

> "The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112–113, 57 S.Ct. 96, 97–98, 81 L.Ed. 70 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Assuming arguendo that Defendant had asserted federal defenses, that would not create federal question jurisdiction on removal:

---

[2] Local Rule of Civil Procedure 72.2(a)(4) directs that absent consent to magistrate jurisdiction, a magistrate judge may not deny a request for in forma pauperis status made "consistent with federal law." Here, however, the denial was not on the merits and was with leave to amend, and founded upon the failure of the application to adequately explain Plaintiff's financial status.

> it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar*, 482 U.S. at 393.

The Court's Order also observed that the Clerk had docketed this as an equal protection proceeding under 28 U.S.C. § 1443(1). Such actions require not just a violation of equal rights, but an inability to enforce the violated right. In such a petition for removal, "petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights. Bad experiences with the particular court in question will not suffice." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Not only does Defendant not rely on this provision, she fails to offer any reference to a state statute or constitutional provision commanding the state court to ignore her federal rights.

Consequently, Defendant was given 10 days to file a response "a) showing cause why this matter should not be remanded to state court for lack of subject matter jurisdiction; and (b) attaching: (1) a copy of all process, pleadings, and orders served upon Defendant; and (2) a copy of the Plaintiff's Complaint or any subsequently filed amended complaint." That deadline expired on September 9, 2024. To date, Plaintiff has not responded.

"The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Because Plaintiff has failed to establish the subject matter jurisdiction of this Court, this case should be remanded to the state court.

C.  MOTION TO REMAND

On September 5, 2024, Plaintiff Garfield Sacred Heart Housing, LLC filed a Motion to Remand (Doc. 7) arguing that its complaint asserted was an eviction action for

- 3 -

nonpayment of rent, which has in the interim been heard by the state Justice Court and a judgment issued in favor of Plaintiff for possession and $3,476.25.[3]  Plaintiff argues its eviction complaint neither alleged a federal claim nor required resolution of a substantial federal question.  Further, Plaintiff argues that Defendant has a pending separate fair housing complaint which she may pursue.  Finally, Plaintiff argues that the amount at issue was far less than the $75,000 required for diversity jurisdiction.

The deadline for a response to the motion will expire September 19, 2024.  Upon completion of briefing of such motion, unless this case has otherwise been resolved, a separate report and recommendation will issue on the merits of that motion.

**IT IS THEREFORE RECOMMENDED:**

(A) This action be **REMANDED** to the El Centro Justice Court, Maricopa County, Arizona for failure to pay the filing fees or file an amended application to proceed in forma pauperis.

(B) Alternatively, this action be **REMANDED** to the El Centro Justice Court, Maricopa County, Arizona for lack of subject matter jurisdiction.

(C) If it remains pending, and either recommendation herein is adopted, the Motion to Remand (Doc. 7) be **DENIED** as moot.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have

---

[3] The undersigned does not find it necessary for purposes of this Report and Recommendation to address the effect of the apparent prosecution of the case in the state court between the notice of removal and remand. *See* 28 U.S.C. § 1446(d); *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1238 (9th Cir. 1994), *as amended* (Jan. 20, 1995).

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: September 23, 2024

24-2213r Amend RR 24 09 17 re Remand.docx

James F. Metcalf
United States Magistrate Judge