**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Garfield Sacred Heart Housing LLC, | No. CV-24-02213-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Robin Santos, et al., | |
| Defendants. | |

On July 30, 2024, Garfield Sacred Heart Housing LLC ("Plaintiff") filed a complaint in the Maricopa County Justice Court, El Centro, against Robin Santos ("Defendant"). (Doc. 7 at 2.) Although the complaint is not part of this Court's record, both sides agree that Plaintiff's lawsuit was an eviction action. (Doc. 1 at 1 [Defendant's removal notice, characterizing the underlying lawsuit as an "eviction action"]; Doc. 1-1 at 1 ["Eviction Action Notice of Court Date"]; Doc. 7 at 2 [Plaintiff's description of the underlying action as "alleging that Defendant violated A.R.S. § 33-1358(B) and requesting relief under A.R.S. § 33-1377 . . . a Special Detainer Action"].)

On August 27, 2024, Defendant, who is proceeding *pro se*, filed a notice of removal. (Doc. 1 at 1.) As the "BASIS FOR REMOVAL," the notice states that "[t]his Court has original jurisdiction under 28 U.S.C. § 1331, as this action involves federal questions under the Fair Housing Act . . . and the Americans with Disabilities Act . . . . The Defendant alleges that the eviction action initiated by [Plaintiff] was in retaliation for the exercise of her federal rights, which is actionable under federal law . . . constituting a violation of

federal anti-discrimination statutes." (*Id.*)

Upon removal, this action was assigned to Magistrate Judge Metcalf. (Doc. 3.)

On August 30, 2024, Judge Metcalf issued an order requiring Defendant to provide a copy of the underlying complaint and to "show[] cause why this matter should not be remanded to state court for lack of subject matter jurisdiction." (Doc. 6.)

On September 5, 2024, Plaintiff filed a motion to remand. (Doc. 7.)

September 19, 2024 was the deadline for Defendant to respond to the motion to remand. LCRiv 7.2(c). Defendant did not file a response by that deadline and still has not responded.

On September 23, 2024, Judge Metcalf issued an amended report and recommendation ("R&R") recommending that this action be remanded to state court for two independent reasons: (1) Defendant had not paid the filing fee or filed a valid application to proceed *in forma pauperis*; and (2) Defendant had not met her burden of establishing subject-matter jurisdiction, both because she ignored the order requiring her to provide a copy of the complaint and because her removal notice at most showed that she intended to assert federal defenses. (Doc. 11.) The R&R further provided that "the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.* at 4.)

On October 4, 2024, upon the election of one of the parties, this action was reassigned to the undersigned judge. (Doc. 15.)

That same day, Defendant filed two documents: (1) an application to proceed *in forma pauperis*; and (2) a notice of change of address. (Docs. 17, 18.)

Given this backdrop, the Court concludes for three independent reasons that this action must be remanded to Arizona state court. First, Defendant did not respond to Plaintiff's motion to remand and the deadline for responding has now expired. Under LRCiv 7.2(i), "if an unrepresented party does not serve and file the required answering memorandum . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." *Id.* Second, Defendant did

not object or otherwise respond to the jurisdictional analysis contained in the R&R and the deadline for objecting has now expired. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."). Third, putting aside the R&R and motion to remand, "[t]he burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted). Here, the removal notice is insufficient to establish the existence of federal jurisdiction because it at most shows that Defendant intends to assert federal defenses to Plaintiff's state-law claims.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's motion to remand (Doc. 7) is **granted**.
2. The R&R (Doc. 11) is **adopted**.
3. This action is **remanded** to the Maricopa County Justice Court.
4. Defendant's application to proceed *in forma pauperis* (Doc. 18) is **denied as moot**.

Dated this 10th day of October, 2024.

Dominic W. Lanza
United States District Judge